IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SCOTT ROBINSON, | § | |
| Petitioner, | § § § | |
| V. | § | 1-16-CV-569 RP |
| BARACK OBAMA, ET AL., | § § § | |
| Respondents. | § § | |

## ORDER

Before the Court is Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Clerk's Dkt. #1). Petitioner has paid the applicable $5.00 filing fee. After reviewing the pleadings, relevant case law, as well as the entire case file, the Court issues the following order.

### I. BACKGROUND

Petitioner Scott Robinson ("Robinson") brings this action against Respondents President Barack Obama ("Obama") and Jared Cooney Horvath ("Horvath") pursuant to 28 U.S.C. § 2241. Robinson alleges that Obama entered into a contractual agreement with an unknown corporation, acting in conjunction with Horvath, requiring that Robinson be used in experiments as a human subject. Robinson asserts that the experiments are operated remotely through a satellite network, "in conjunction with GIS technology that was affixed to me on April 15, 2016." (Petition ¶ 13). According to Petitioner, "[t]he components include EEG translated into word (thought reading), pulsed style communications (which are non-auditory to ears, but register within the neurological process also known as 'Skull to Radio') and psychology tactics." (*Id*. Att. at 1). Robinson further describes the research as involving "satellite foil hat wearing technology." (*Id*. Att. at 3). As relief, he requests a court order removing him from the research program. (Petition ¶ 15).

### II. DISCUSSION

Robinson brings his case pursuant to 28 U.S.C. § 2241 ("Section 2241"). An individual may

seek habeas relief under Section 2241 only if he is "in custody" under federal authority, for a violation of federal law, or in violation of either federal law or the United States Constitution. *See* 28 U.S.C. § 2241(c). In this case. Robinson has not pled that he is in fact "in custody." Rather, he complains he is being used in experiments against his will "trapped listening to these guys as if there is a radio station within my head." (Petition Att. at 3). This Court finds Robinson does not meet the "in custody" requirement so as to make his claims cognizable under Section 2241 *See Trader v. United States*, 281 F. App'x 411 (5th Cir. 2008) (district court did not err in concluding it lacked jurisdiction to consider claim challenging monetary fine because claim did not satisfy "in custody" requirement of Section 2241); *Nguyen v. Dist. Dir., Bureau of Immigration & Customs Enf't*, 400 F.3d 255, 260 (5th Cir. 2005) (where petitioners has not stated cognizable constitutional claim nor any claim of a violation of "the laws or treaties of the United States," prerequisite for Section 2241 jurisdiction has not been met). *See also Pierre v. United States*, 525 F.2d 933, 935 (5th Cir. 1976) ("Simply stated, habeas is not available to review questions unrelated to the cause of detention").

### III.  CONCLUSION

Accordingly, the Court hereby **DISMISSES** Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Clerk's Dkt. #1).

**SIGNED** on May 26, 2016.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE